IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,

   Vs.                          No.  95-40083-08-SAC

JAMES WARDELL QUARY,

                Defendant.

MEMORANDUM AND ORDER

       The case comes before the court on the defendant' pro se motion to modify sentence pursuant to 18 U.S.C. § 3582(c)(2). (Dk. 824). The defendant asks the court to reduce his life sentence based on the recent cocaine base amendments to U.S.S.G. § 2D1.1 that were made retroactive pursuant to U.S.S.G. § 1B1.10. The defendant further requests that during the resentencing this court should apply the decision in *United States V. Booker*, 543 U.S. 220 (2005), and should consider the lack of scientific evidence justifying the guideline disparity for cocaine base as permitted by *Kimbrough v. United States*, 128 S.Ct. 558, 564 (2007). The defendant also has filed, a day later, the same motion but attaches certificates and awards as exhibits of his accomplishments during incarceration. (Dk. 826). The government responds in opposition arguing

the defendant is not entitled to relief under the recent cocaine base amendments to the guidelines.  (Dk. 829).

Following nine days of trial, the jury convicted the defendant on 80 counts of drug-related offenses.  The presentence report ("PSR") recommended a guideline sentence of life imprisonment based on a total offense level of 44 (base offense level of 38 for 17.13 kilograms of cocaine base, and a four-level enhancement for being the leader/organizer of a large-scale crack cocaine distribution network, and a two-level enhancement for using a minor in the conspiracy to distribute) and a criminal history category of five.  The defendant objected to the PSR's findings on the amount of drugs attributable from the drug conspiracy.  His counsel "argued that the volume of drugs attributable to the defendant should have been reduced to 4.9 kilos because some of the drugs came from a source other than the defendant pursuant to a separate conspiracy." (Order filed Jan. 25, 2002, Dk. 742, *United States v. Quary*, 2002 WL 226387, at *4).  The court rejected counsel's argument and found that "all of the information relied upon by the court in determining the defendant's sentence, including the information upon which the court calculated the drug quantity was supported by reliable evidence."  *Id.*  Besides overruling

the defendant's objections to the drug quantity, the court demonstrated that his arguments or even more conservative estimates would not affect his guideline range.  Thus, the court relied on evidence admitted at trial, overruled the defendant's objections, and sentenced the defendant to life imprisonment as recommended by the sentencing guidelines.

The recent Amendment 706 to the Sentencing Guidelines that took effect November 1, 2007, and was made retroactive taking effect on March 3, 2008, generally adjusts downward by two levels the base offense level assigned to quantities of cocaine base listed in the Drug Quantity Table of § 2D1.1(c).  The top base offense level of 38 for cocaine base offenses is raised from "1.5 KG or more of Cocaine Base" to "4.5 KG or more of Cocaine Base."  U.S.S.G. App. C Supp.

"[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  The Sentencing Commission's policy statement at U.S.S.G. § 1B1.10, states that a reduction "is not authorized under 18 U.S.C. §

3

3582(c)(2) if----. . . (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."

In deciding the propriety of a § 3582(c)(2) reduction, the sentencing court is only to determine the guideline range assuming the amended guidelines had been in place at the time of sentencing.  U.S.S.G. § 1B1.10(b)(1).  "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and *shall leave all other guideline application decisions unaffected*."  *Id.* (italics added).

The simple application here of the amended cocaine base ranges in the Drug Quantity Table of U.S.S.G. § 2D1.1(c) to the unaffected findings on the amount of cocaine base attributable to the defendant does not lower the defendant's applicable guideline range.  The 17.13 kilograms of cocaine base attributed to the defendant at the time of sentencing results in the same base offense level of 38, as this attributed amount is greater than the 4.5 kilograms floor now found at U.S.S.G. § 2D1.1(c)(1). Because the application of Amendment 706 does not lower the defendant's applicable guideline range, the defendant's motion for relief pursuant to §

4

3582(c)(2) is denied.[1]

      IT IS THEREFORE ORDERED that the defendant James Wardell Quary's pro se motions to reduce his sentence in accordance with 18 U.S.C. § 3582(c)(2) (Dks. 824 and 826) are denied.

      Dated this 15th day of April, 2008, Topeka, Kansas.


                 s/ Sam A. Crow_____
                 Sam A. Crow, U.S. District Senior Judge

---

[1]As there will be no resentencing here, the court need not consider the defendant's other reasons for lowering his sentence. If the defendant is arguing that *Booker* provides a separate basis for relief under § 3582(c)(2), the Tenth Circuit has rejected that argument. *United States v. Price*, 438 F.3d 1005 (10th Cir.), *cert. denied*, 547 U.S. 1185 (2006). The court explained that "even if *Booker* could be read to be an implicit lowering of [defendant's] sentencing range, § 3582(c)(2) only expressly allows a reduction where the Sentencing Commission, not the Supreme Court, has lowered the range." *Price*, 438 F.3d at 1007. Thus, "*Booker* does not provide a basis for a sentence reduction under § 3582(c)[(2)]." *Id.* Since the rule in *Kimbrough* also comes from the Supreme Court and not the Sentencing Commission, it is not a basis for relief under § 3582(c)(2).