IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                        No. 95-40083-08-SAC

JAMES WARDELL QUARY,

        Defendant.

**MEMORANDUM AND ORDER**

The case comes before the court on the defendant Quary's *pro se* motion seeking to have the court identify the counts of conviction and explain "what you found me guilty on based upon the probation officers investigation done by the P.S.R." (Dk. 868). The defendant offers that he seeks this information in the hope of making a "Blewett claim." *Id*.

The judgment in this case reflects that Quary was found guilty on counts 1-16, 18-81 of the third superseding indictment. (Dk. 566). He was sentenced to a total term of life plus five years consecutive. Id. A copy of the judgment will be sent with this order to the defendant.

In its order of April 15, 2008, that denied Quary's *pro se* motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2), the court affirmed:

> Following nine days of trial, the jury convicted the defendant on 80 counts of drug-related offenses. The presentence report ("PSR") recommended a guideline sentence of life imprisonment based on a

total offense level of 44 (base offense level of 38 for 17.13 kilograms of cocaine base, and a four-level enhancement for being the leader/organizer of a large-scale crack cocaine distribution network, and a two-level enhancement for using a minor in the conspiracy to distribute) and a criminal history category of five. The defendant objected to the PSR's findings on the amount of drugs attributable from the drug conspiracy. His counsel "argued that the volume of drugs attributable to the defendant should have been reduced to 4.9 kilos because some of the drugs came from a source other than the defendant pursuant to a separate conspiracy." (Order filed Jan. 25, 2002, Dk. 742, *United States v. Quary*, 2002 WL 226387, at *4). The court rejected counsel's argument and found that "all of the information relied upon by the court in determining the defendant's sentence, including the information upon which the court calculated the drug quantity was supported by reliable evidence." *Id*. Besides overruling the defendant's objections to the drug quantity, the court demonstrated that his arguments or even more conservative estimates would not affect his guideline range. Thus, the court relied on evidence admitted at trial, overruled the defendant's objections, and sentenced the defendant to life imprisonment as recommended by the sentencing guidelines.

(Dk. 830, pp. 2-3). Between the judgment and this quoted excerpt from the court's prior order, the defendant's requests for information are substantially satisfied.

As for the defendant's intentions to file a *Blewett* claim, the court presumes the defendant is referring to the recent Sixth Circuit decision of *United States v. Blewett*, ---F.3d---, 2013 WL 2121945 (6th Cir. May 17, 2013). The defendant also should be aware of Judge Lungstrum's recent rejection of such a claim:

> In its prior order, the court explained that it lacked the authority to reduce Mr. Goodwin's sentence pursuant to 18 U.S.C. § 3582(c) because Mr. Goodwin's sentence was not "based on a sentencing range" but, instead, was based on a mandatory statutory minimum under 21 U.S.C. §§ 841(b)(1)(A) and 851. The court further noted that, in any event, Amendment 709—the basis for Mr. Goodwin's

2

motion—was in effect and applied at the time of Mr. Goodwin's sentencing in October 2009. In his motion for reconsideration, Mr. Goodwin contends only that the court should follow the Sixth Circuit's recent decision in *United States v. Blewett*, ––– F.3d ––––, 2013 WL 2121945 (6th Cir May 17, 2013) in which the Sixth Circuit held that the Fair Sentencing Act of 2010 must be applied retroactively to defendants sentenced prior to its enactment pursuant to the Equal Protection Clause such that Mr. Goodwin should be resentenced under the new, lower mandatory minimums for crack cocaine offenses. The motion is denied. Despite the ruling of the Sixth Circuit, the Tenth Circuit has already squarely held that the Fair Sentencing Act of 2010 does not apply retroactively to those defendants sentenced prior to its enactment. *United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir. 2010). The court, of course, is bound by the law of the Tenth Circuit. While the court appreciates Mr. Goodwin's expressed desire to "preserve" this issue, he has not demonstrated that he is entitled to relief at this juncture.

*United States v. Goodwin*, 2013 WL 2449535, at *2 (D. Kan. Jun. 5, 2013).

IT IS THEREFORE ORDERED that the defendant's motion (Dk. 868) is granted insofar as providing that information which is disclosed in this order and is denied in all other respects.

Dated this 9th day of July, 2013, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge