IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                            No.  95-40083-08-SAC
                                No.  14-4003-SAC

JAMES WARDELL QUARY,

        Defendant.

MEMORANDUM AND ORDER

Following a nine-day jury trial, James Wardell Quary was convicted in March of 1997 of 80 federal counts of drug and drug-related offenses. He was sentenced to a total term of life plus five years consecutive. His convictions were affirmed on direct appeal. *United States v. Quary*, 188 F.3d 520, 1999 WL 546999 (10th Cir.), *cert. denied*, 528 U.S. 1033 (1999). He filed a motion to vacate or correct sentence under 28 U.S.C. § 2255 that was denied by the district court. (Dk. 742). "Because his arguments fly in the face of well-accepted precedent," the Tenth Circuit denied a certificate of appealability. *United States v. Quary*, 60 Fed. Appx. 188, 2003 WL 256900 (10th Cir. 2003). The district court denied in 2008 Mr. Quary's *pro se* motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Dk. 830). In 2012, the court denied Mr. Quary's request for appointment of counsel, as he lacked a viable argument for relief under §

3582(c)(2). (Dk. 866). Most recently, in July of 2013, Mr. Quary sought additional information about his judgment and sentence, and the court entered an order responsive to his request. (Dk. 869).

Now the defendant has filed a document entitled "Motion to Dismiss" the indictment. (Dk. 870). The motion has been docketed as a motion to dismiss and as a motion seeking relief under 28 U.S.C. § 2255. He argues his procedural rights under the Federal Rules of Criminal Procedure, specifically Rules 3 and 4 concerning complaint and arrest warrant or summons and Rule 5.1 concerning a preliminary hearing were violated. None of these issues were raised in his direct appeal or in his prior § 2255 proceedings.

"[A] motion alleging a defect in instituting the prosecution" must be raised before trial. Fed. R. Crim. P. 12(b)(3). This motion is filed long after the defendant's convictions and sentence became final. The defendant has exhausted his rights on direct appeal and on his first § 2255 motion. Thus, as a Rule 12(b)(3), the defendant's motion is untimely and is summarily denied for that reason. *See United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005).

The question remains whether to construe Mr. Quary's motion as seeking relief under 28 U.S.C. § 2255. In *Valadez-Camarena*, the district court chose not to construe as a § 2255 motion the defendant's Rule 12(b) motion because "such a motion would, at least facially, 'be barred as

untimely [under 28 U.S.C. § 2255 para.6] or as second or successive [under 28 U.S.C. § 2255 para.8]." 402 F.3d at 1261. The Tenth Circuit affirmed this decision:

> And, as Defendant did not rely on § 2255 in his motion, he had not had any reason to develop and present grounds to satisfy or circumvent the distinct legal barriers raised in § 2255 paras. 6 and 8. Under these circumstances, the district court's prudential decision not to construe Defendant's motion under § 2255 cannot be deemed an abuse of discretion. This court has followed the same course when presented with similar circumstances on appeal. *See Brown v. Warden, Springfield Med. Ctr. for Fed. Prisoners*, 315 F.3d 1268, 1270 (10th Cir. 2003)(declining to recast pro se pleading as § 2255 motion on appeal in light of imminent second-successive bar).

402 F.3d at 1261; *see United States v. Carranza-Hurtado*, 456 Fed. Appx. 745, 746-47, 2012 WL 75661 at *2 (10th Cir. 2012). Mr. Quary's motion seeks dismissal of the indictment as his only relief, does not cite § 2255, and does not make any arguments for overcoming the hurdles of untimeliness and successive filing. The motion does include allegations of a substantive due process violation, but they are based on no more than a contested compliance with the federal rules of criminal procedure. Thus, the court shall not construe the defendant's motion as seeking relief under the § 2255.

IT IS THEREFORE ORDERED that the defendant's motion to dismiss pursuant to the Rules of Criminal Procedures and Substantive Due Process (Dk. 870) is denied.

Dated this 21st day of January, 2014, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge