IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                            No. 95-40083-08-SAC
                                  No. 14-4003-SAC

JAMES WARDELL QUARY,

        Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the Mr. Quarry's motion for relief under 28 U.S.C. § 2255. ECF# 873. Following a nine-day jury trial, James Wardell Quary was convicted in March of 1997 of 80 federal counts of drug and drug-related offenses. He was sentenced to a total term of life plus five years consecutive. His convictions were affirmed on direct appeal. *United States v. Quary*, 188 F.3d 520, 1999 WL 546999 (10th Cir.), *cert. denied*, 528 U.S. 1033 (1999). He filed a motion to vacate or correct sentence under 28 U.S.C. § 2255 that was denied by the district court. (Dk. 742). "Because his arguments fl[ied] in the face of well-accepted precedent," the Tenth Circuit denied a certificate of appealability. *United States v. Quary*, 60 Fed. Appx. 188, 2003 WL 256900 (10th Cir. 2003). The district court denied in 2008 Mr. Quary's *pro se* motion to modify sentence pursuant to 18 U.S.C. § 3582(c)(2). (Dk. 830). In 2012, the court denied Mr. Quary's

request for appointment of counsel, as he lacked a viable argument for relief under § 3582(c)(2). (Dk. 866). In January of 2014, Mr. Quarry filed a "Motion to Dismiss" the indictment for violation of his due process rights. ECF# 870. The court did not construe the motion as seeking relief under 28 U.S.C. § 2255 and denied motion as an untimely request for relief under Fed. R. Crim. P. 12(b)(3). ECF# 871.

The last activity in Mr. Quarry's case, prior to his pending motion, was a court order filed pursuant to 18 U.S.C. § 3582(c)(2). ECF# 872. Because of an applicable retroactive guideline sentencing range reduction, the court reduced the defendant's sentence of imprisonment from life plus five years consecutive **to** 360 months plus five years consecutive or 420 months. Mr. Quarry argues that because of this § 3582(c)(2) order, his legal avenue for filing another § 2255 motion has been revived. Mr. Quarry's argument is without legal merit.

Before a federal inmate may file "a second or successive motion" under § 2255, the inmate must obtain authorization from a panel of the circuit of appeals to proceed based on one of two narrow grounds in § 2255(h). *Stanko v. Davis*, 617 F.3d 1262, 1265 (10th Cir. 2010), *cert. dismissed,* 562 U.S. 1131 (2011). If no prior authorization is obtained, the district court is without jurisdiction to consider the § 2255 motion. *Id.* The Supreme Court has held that the term, "second or successive," is a "term of art" and "does not encompass *all* habeas petitions filed second or

2

successively in time." *Id.* at n. 2 (citing *Magwood v. Patterson*, 561 U.S. 320, 332 (2010)). In *Magwood*, the Supreme Court held that "where, . . ., there is a new judgment intervening between the two habeas petitions, an application challenging the resulting new judgment is not 'second or successive' at all." 561 U.S. at 341–42. Consequently, when a defendant is resentenced as a result of his first § 2255 motion, the defendant's second § 2255 "is not a 'second or successive' petition for the purposes of § 2255(h) because it relates to a new sentence." *United States v. McGaughy*, 670 F.3d 1149, 1159 n.7 (10th Cir.2012); *see, e.g., United States v. Travonn Leon Burtons*, --- Fed. Appx. ---, 2017 WL 3531399, at *1 (10th Cir. Aug. 17, 2017) (Not a "second or successive" motion when the defendant's judgment and sentence was vacated on the first motion).

Mr. Quarry argues that the court's 3582(c)(2) order entered on August 4, 2015, (ECF# 872), that reduced his sentence is an "amended judgment" which allows him to file a new § 2255 motion pursuant to *Magwood*. He concludes that, "[t]his court has jurisdiction to entertain Mr. Quary's instant motion, and prior authorization from the Tenth Circuit is 'unnecessary because of this [2015] resentencing.'" ECF# 873, p. 2 (citing *Tillman v. Bigelow*, 672 Fed. Appx. 803 (10th Cir. 2016)).[1]

---

[1]The defendant's citation of *Tillman* is curious, because the defendant there, like Mr. Quary, did not seek federal habeas relief within the one-year period. The § 3582(c)(2) order was filed in Mr. Quary's favor on August 4, 2015, and he took no direct appeal. So, his time for seeking habeas relief expired the early part of September 2016, and yet he did not file his pending § 2255 motion until August of 2017. While actual innocence can justify equitable

3

Amendment 782 to the United States Sentencing Guidelines reduced the offense levels for many drug offenses, and the Sentencing "Commission made Amendment 782 retroactive, and thus available as a potential basis for a sentence reduction pursuant to § 3582(c)(2). *United States v. Gutierrez*, 859 F.3d 1261, 1264 (10th Cir. 2017) (citing U.S.S.G. supp. to app. C, amend. 788, Reason for Amendment, at 86). In *Gutierrez*, the court noted:

> Section 3582(c)(2) proceedings are a creature unto themselves: they "do not constitute a full resentencing of the defendant," U.S.S.G. § 1B1.10(a)(3); "[r]ather, they 'permit a sentence reduction within the narrow bounds established by the Commission,'" [*United States v.*] *Bonds*, 839 F.3d [524] at 529 [(6th Cir. 2016)](alteration omitted) (emphasis added) (quoting *Dillon v. United States*, 560 U.S. 817, 831, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010)); *see also* 18 U.S.C. § 3582(c)(2) (allowing a sentence reduction only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"). These "narrow bounds" are set forth in § 1B1.10. *See* U.S.S.G. § 1B1.10(a)(1) ("As required by 18 U.S.C. [§] 3582(c)(2), any ... reduction in the defendant's term of imprisonment shall be consistent with this policy statement."). As discussed, subsection (b)(1) of § 1B1.10 prescribes the process by which district courts must

---

tolling of this limitation period, Mr. Quary's argument here is ineligible for such relief. The Tenth Circuit has held:
> To make a credible showing of actual innocence, a "petitioner must 'support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Cummings* [*v. Sirmons*], 506 F.3d [1211] at 1223 [(10th Cir. 2007)] (quoting *Schlup* [*v. Delo*], 513 U.S. [298] at 324, 115 S.Ct. 851 [(1995)]). This new evidence "must be sufficient to 'show that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence.'" *Id.* (quoting *Schlup*, 513 U.S. at 327, 115 S.Ct. 851); accord *House* [*v. Bell*], 547 U.S. [518] at 539–40, 126 S.Ct. 2064 (reaffirming the *Schlup* test after AEDPA). This standard is "demanding and permits review only in the extraordinary case." *House*, 547 U.S. at 538, 126 S.Ct. 2064 (quotations omitted).

*Frost v. Pryor*, 749 F.3d 1212, 1231–32 (10th Cir. 2014). The defendant's "actual innocence" argument exclusively challenges the sufficiency of the evidence offered at trial and refers to no new evidence.

> determine a defendant's amended Guidelines range for sentence-reduction purposes. Specifically, it states that
>> the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) … listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.
>
> *Id*. § 1B1.10(b)(1) (emphases added). Amendment 782 is one of the "Covered Amendments" listed in subsection (d); Amendment 742 is not. *See id*. § 1B1.10(d).

*United States v. Gutierrez*, 859 F.3d at 1268–69. "The two-step process under § 3582(c)(2) 'authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding.'" *United States v. Piper*, 839 F.3d 1261, 1266 (10th Cir. 2016) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)), *cert. denied*, 137 S. Ct. 2263 (2017). "[A] district court proceeding under § 3582(c)(2) does not impose a new sentence in the usual senses." *Dillon*, 560 U.S. at 827. "Section 3582(c)(2) invites a motion for a sentencing modification, not a new sentencing proceeding." *United States v. Verdin-Garcia*, 824 F.3d 1218, 1221 (10th Cir. 2016)(citation omitted), *cert. denied*, 137 S. Ct. 2263 (2017). The court's "limited jurisdiction" under § 3582(c)(2) "is a narrow exception to the usual rule of finality of judgments." *United States v. Gay*, 771 F.3d 681, 686 (10th Cir. 2014)(internal quotation marks and citation omitted). The question is whether a sentence reduction pursuant to § 3582(c)(2) qualifies as an amended judgment and triggers a new period for filing for § 2255 relief.

The circuit courts to address this question have held that § 3582(c)(2) orders do not qualify as intervening new judgment under *Magwood*. Most recently, the Ninth Circuit held:

> Because the court makes only a limited adjustment to the sentence, and claims of error at the original sentencing are "outside the scope of the proceeding authorized by § 3582(c)(2)," *Dillon* [*v. United States*], 560 U.S. [817] at 831, 130 S.Ct. 2683 [(2010)], we join our sister circuits in holding that a § 3582(c)(2) sentence reduction does not qualify as a new, intervening judgment. *See United States v. Jones*, 796 F.3d 483, 486 (5th Cir. 2015) (holding a sentence reduction under § 3582(c)(2) "does not wipe clean the slate of habeas applications that [a prisoner] has previously filed"); *White* [*v. United States*], 745 F.3d [834] at 837 [(7th Cir.)] (holding "*Magwood* does not reset the clock or the count, for purposes of § 2244 and § 2255, when a prisoner's sentence is reduced as the result of a retroactive change to the Sentencing Guidelines").
> It follows that Sherrod must obtain authorization from this court to proceed on a second or successive § 2255 motion.

*Sherrod v. United States*, 858 F.3d 1240, 1242 (9th Cir. 2017); *see Dyab v. United States*, 855 F.3d 919, 923 (8th Cir. 2017) (Pointing to the line of authorities holding that, "[n]ot every change to a judgment results in a new sentence or judgment that wipes clean the slate of post-conviction motions previously filed," the panel cites the example of § 3582(c)(2) including the case of *Jones*, 795 F.3d at 486), *petition for cert. filed*, Jul. 17, 2017 (No. 17-5268); *Crangle v. Kelly*, 838 F.3d 673, 678 (6th Cir. 2016)(Distinguishes its conclusion from "a line of cases in which a limited resentencing *benefits* the prisoner, such as in a sentence-reduction proceeding under 18 U.S.C. § 3582(c)" which "do not disturb the underlying initial judgment, which continues to 'constitute[] a final judgment.' 18 U.S.C. § 3582(b).") While the

Tenth Circuit does not appear to have yet addressed this issue, the court believes it would follow this exclusive line of circuit precedent which is convincingly based on the Supreme Court's characterization of § 3582(c) proceedings. Thus, the court concludes that Mr. Quary's petition is a "second or successive" § 2255 motion for which he must obtain authorization to proceed.

This court is without jurisdiction to address the merits until authorization has been granted. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). In this discretionary situation, the district court may transfer the matter to the circuit pursuant to 28 U.S.C. § 1631 if it is in the interests of justice, or the district court may dismiss the motion. *Id.* at 1252-53. "Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would have been time-barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *United States v. Weeden*, 2017 WL 3215679, at *2 (D. Kan. July 28, 2017) (citation omitted). It appears the defendant Quary's argument for applying *Magwood* to a 3582(c)(2) order has not been settled in the Tenth Circuit. Yet, even if he did prevail, his § 2255 motion appears to be time-barred as noted above. Alternatively, the defendant's motion utterly fails the burden for a second or successive motion. For these reasons, the court dismisses

the defendant's § 2255 motion for lack of jurisdiction instead of transferring it to the Tenth Circuit. The defendant may still seek authorization from the Tenth Circuit.

IT IS THEREFORE ORDERED that the court hereby dismisses this action for lack of jurisdiction as the defendant's Quary's motion for relief under 28 U.S.C. § 2255 (ECF# 873) is an unauthorized.

Dated this 22nd day of August, 2017, Topeka, Kansas.

/s Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge