IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

Vs.                                                                                         No.  95-40083-08-SAC

JAMES WARDELL QUARY,

           Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant James Wardell Quary's *pro se* motion for compassionate release and reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(a)(i) and for appointment of counsel. ECF# 882. The court appointed the Federal Public Defender to represent Mr. Quary. ECF# 884. Counsel for Mr. Quary filed a reply. ECF# 888. The matter is ripe for ruling.

Following nine days of trial, the jury convicted the defendant on 80 counts of drug-related offenses, including one count for use of a firearm during and in relation to a drug trafficking crime. The presentence report ("PSR") recommended a guideline sentence of life imprisonment for defendant based on the significant quantities of cocaine base involved, his role in the offense enhancement, his use of a minor in the conspiracy to distribute, and a criminal history category of five. Mr. Quary received a life sentence with a consecutive term of 60 months for the firearm offense. On appeal, the Tenth Circuit affirmed the convictions and aptly summarized this case in this way:

> Quary's appeal is part of a trio of criminal cases before us involving a large crack cocaine distribution ring in Kansas. In this case, a total of eight defendants were named in four iterations of a multi-count indictment charging

1

> various drug trafficking offenses. Quary alone went to trial; the other seven defendants entered pleas of guilty at various points in time . . . .
> . . . .
> Three of Quary's alleged coconspirators-Bernard Preston, Elinor Preston, and Demond Bridges-pled guilty to drug conspiracy charges and testified for the government at Quary's trial pursuant to plea agreements. According to their testimony, Quary controlled the drug ring, which distributed crack cocaine through several Kansas communities, and which involved approximately 25 coconspirators and as many as 75 sellers in various communities. The witnesses testified that the coconspirators were members of a gang, of which Quary was a founding member; the group considered itself affiliated with the "Bloods."

*United States v. Quary*, 1999 WL 546999, at *1, 188 F.3d 520 (10th Cir. Jul. 28, 1999)(unpub), *cert. denied*, 528 U.S. 1033 (1999). The district court denied Mr. Quary's first § 2255 motion, and the Tenth Circuit denied a certificate of appealability. *See United States v. Quary*, 60 Fed. Appx. 188 (10th Cir. 2003). In 2008, the district court denied Mr. Quary's *pro se* motion to modify sentence pursuant to 18 U.S.C. § 3582(c), because the retroactive amendment to the sentencing guidelines did not lower the defendant's applicable sentencing guideline range. ECF# 830. When the applicable sentencing guidelines were amended retroactively again, the court in August of 2015 reduced his life sentence to 360 months plus five years consecutive. ECF# 872.

Arguing the unreasonable risk to his health from COVID-19 and his "unusually long sentence" in light of the non-retroactive decision of *Rosemond v. United States*, 572 U.S. 65 (2014), Mr. Quary now asks the court to reduce his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A). This statue authorizes a court to modify a sentence upon the motion of a defendant who has exhausted his administrative right when, after considering the 18 U.S.C. § 3553(a) factors, the court determines that "extraordinary and compelling reasons warrant" a sentence reduction

and that the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The government objects that the defendant's conclusory statement of having filed this emergency motion with the warden fails to show an exhaustion of his administrative rights. ECF# 885, p. 5. In particular, "the defendant has failed to provide this Court with any evidence that he presented the same arguments here to the Warden at USP Leavenworth." *Id*. at p. 6. In his reply filed by appointed counsel, Mr. Quary submits his requests made on June 11 and June 21, the warden's denial on July 13, his appeals to the BOP regional and central office, and the final denial by the Administrator of National Inmate Appeals on November 18, 2020. ECF# 888, p. 2. The defendant filed his motion for compassionate release with this court on December 28, 2020. ECF# 882.

The defendant's administrative request of June 11 refers to "his age, medical history, and the environment" as putting him at high risk of complications upon contracting COVID-19. ECF# 888-1, p.1. The court is satisfied the defendant has met the statutory exhaustion requirement for compassionate release based on his medical conditions creating a particular risk of harm or severe complications from COVID-19. *See United States v. Morelan*, No. 12-20003-08-JWL, 2021 WL 365095 (D. Kan. Feb. 3, 2021). Because Mr. Quary's administrative filings make no mention of his "unusually long sentence" in light of *Rosemond*, he has not complied with the statutory exhaustion requirement for this issue. The length of Mr. Quary's sentence is a factor necessarily considered under § 3553(a).

Finding that Quary has exhausted his administrative rights concerning his age and medical conditions putting him at risk for serious complications from COVID-

3

19, the next determination is whether extraordinary and compelling reasons exist. The government concedes that if an inmate suffers from a chronic medical condition identified by the CDC as increasing the inmate's risk of becoming seriously ill from COVID-19, then that condition may be an extraordinary and compelling reason. ECF# 885, p. 17. The government shows that Mr. Quary's prison records reflect he was diagnosed in September of 2020 with COVID-19. It was resolved with him being quarantined as "asymptomatic." ECF# 885, pp. 19-20. The government also notes that the defendant's medical history reflects cardiac, liver or kidney disease (history of Hepatitis B), along with diabetes and obesity. *Id*. at p. 20. Thus, the government concedes "the defendant has established extraordinary and compelling reasons pursuant to CDC and/or DOJ guidelines allowing for consideration of compassionate release under Section 3582(c)(1)(A)." *Id*.

Notwithstanding the government's concession, the court will follow the current precedent in this district and find that the defendant has failed to establish extraordinary and compelling circumstances that warrant consideration of a reduced sentence. While the defendant's medical history includes some conditions that could complicate his recovery from COVID-19, he has not shown that these conditions "present a severe threat to . . . [his] health when considered with the prospect of contracting COVID-19 a second time." *United States v. Bell*, No. 18-10172-01-JWB, 2021 WL 877008, at *2 (D. Kan. Mar. 9, 2021). The defendant does not dispute that he was asymptomatic when he had COVID-19, that he was quarantined, and that he recovered. There is no evidence that the defendant is experiencing any ongoing symptoms from COVID-19. The defendant has failed to show a significant risk from the

4

BOP's ability to provide adequate care or from his remaining risk of severe complications should he have a second COVID-19 infection. *See, e.g.. United States v. Bell*, No. 18-10172-01-JWB, 2021 WL 877008 (D. Kan. Mar. 9, 2021); *United States v. Baker*, No. 12-10076-01-JTM, 2021 WL 699935, at *2 (D. Kan. Feb. 23, 2021). The court follows the other courts in this district in concluding that under these circumstances a defendant has not carried the burden of establishing an extraordinary and compelling reason.

Even assuming Mr. Quary had carried his burden of showing a condition to warrant an extraordinary and compelling circumstance, the sentencing factors in 18 U.S.C. § 3553(a) do not warrant a sentence reduction. These factors include the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense and afford adequate deterrence; the guideline sentencing range; and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a). Mr. Quary is certainly serving a lengthy sentence even after the reduction for the retroactive changes to drug sentencing guidelines. His sentence, however, still reflects the bottom of his guideline sentencing range for conduct established at trial by co-conspirator testimony which put him in control of a crack cocaine distribution ring that had distributed large quantities. This ring extended into several Kansas communities and "involved approximately 25 coconspirators and as many as 75 sellers in various communities." 1999 WL 546999, at *1. The testimony at trial linked the coconspirators as members of a gang with the defendant as its founder, and the gang saw itself as affiliated with the "Bloods." *Id*. While the defendant argues he only has

5

remaining 60 months of his 420-month sentence, this last five-year consecutive term is for his firearm conviction on Count 81. As reflected in the PSR, members of this conspiracy routinely carried firearms, had discharged firearms at rival gang members, had negotiated drug deals for firearms, and even shot an addict. The defendant's criminal history was five that included points for having committed these offenses while on probation and less than two years after being released from custody for another drug trafficking conviction. Defendant's history and characteristics and the need for the sentence to reflect the seriousness of the offense weigh strongly against the requested reduction. Under these circumstances, the court would deny a reduction in sentence.

IT IS THEREFORE ORDERED that because the defendant has failed to show that § 3582 authorizes relief for the court to have jurisdiction, *United States v Saldana*, 807 Fed. Appx. 816, 820-21 (10th Cir. Mar. 26, 2020), the defendant's motion is dismissed for lack of jurisdiction.

Dated this 10th day of March, 2021, Topeka, Kansas.

/s Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge