IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

              Plaintiff,

Vs.                                                No.  95-40083-08-SAC

JAMES WARDELL QUARY,

              Defendant.

MEMORANDUM AND ORDER

        The case comes before the court on the defendant James Wardell Quary's motion (ECF# 890) for the court to reconsider its order of March 24, 2021, (ECF# 889) that denied his motion (ECF# 882) for compassionate release and reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(a)(i). The government responds opposing the motion to reconsider. ECF# 891. The matter is ripe for ruling.

        Mr. Quary frames the court's ruling to determine only that "the risk to his health was not severe enough 'when considered with the prospect of contracting COVID-19 a second time.'" ECF# 890 p. 2. Disagreeing with this determination, Mr. Quary "asks the court to consider the science that supports his position." *Id.* Interestingly, Mr. Quary cites as "the science" a CDC quotation that "some reinfections are expected" and the following quotation from a California federal district court decision, "While a CDC representative recently has suggested that based on current evidence reinfections are likely uncommon within 3 months, this observation is not so conclusive so as to provide clarity regarding whether someone who has been infected is immune for any period of time, no matter how brief." *Id.* Mr. Quary cites an extensive list of federal court decisions as holding that the risk of

1

infection for inmates with underlying conditions would still constitute extraordinary and compelling circumstances.

Though not specified in the Federal Rules of Criminal Procedure, motions to reconsider may be filed in criminal cases to give a district court "the opportunity to correct alleged errors." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir.) (citation omitted), *cert. denied*, 574 U.S. 844 (2014). The standards for deciding such a motion are:

> A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000). Specific grounds include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id*. A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier. *Id*.

*Id*. "A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed." *U.S. v. McIntosh,* No. 11-20085-01-KHV, 2020 WL 6270918, at *1 (D. Kan. Oct. 26, 2020)(citation omitted).

The defendant fails to make viable argument under any of the recognized grounds for a motion to reconsider. He does not point to a change in the law or new evidence previously unavailable. Nor has he shown that the court's prior ruling to be a clear error or manifest error. At most, the court's prior ruling is consistent with a current line of case law being followed in this district. Moreover, there is nothing to suggest that the court ignored "the science" in ruling as it did:

> Notwithstanding the government's concession, the court will follow the current precedent in this district and find that the defendant has failed to establish extraordinary and compelling circumstances that warrant consideration of a reduced sentence. While the defendant's medical history

2

> includes some conditions that could complicate his recovery from COVID-19, he has not shown that these conditions "present a severe threat to . . . [his] health when considered with the prospect of contracting COVID-19 a second time." *United States v. Bell*, No. 18-10172-01-JWB, 2021 WL 877008, at *2 (D. Kan. Mar. 9, 2021). The defendant does not dispute that he was asymptomatic when he had COVID-19, that he was quarantined, and that he recovered. There is no evidence that the defendant is experiencing any ongoing symptoms from COVID-19. The defendant has failed to show a significant risk from the BOP's ability to provide adequate care or from his remaining risk of severe complications should he have a second COVID-19 infection. *See, e.g.. United States v. Bell*, No. 18-10172-01-JWB, 2021 WL 877008 (D. Kan. Mar. 9, 2021); *United States v. Baker*, No. 12-10076-01-JTM, 2021 WL 699935, at *2 (D. Kan. Feb. 23, 2021). The court follows the other courts in this district in concluding that under these circumstances a defendant has not carried the burden of establishing an extraordinary and compelling reason.

ECF# 889, p. 4-5; *see also United States v. Nietfeld*, No. 16-10003-01-EFM, 2020 WL 6384358 (D. Kan. Oct. 30, 2020). What Mr. Quary cites as "the science" merely confirms how his argument is based on uncertainty and speculation rather than circumstances that are extraordinary and compelling. The court finds no basis for the court to reconsider its prior order denying her motion for compassionate release.

IT IS THEREFORE ORDERED that the defendant James Wardell Quary's motion (ECF# 890) for the court to reconsider its order of March 24, 2021, (ECF# 889), that denied his motion (ECF# 882) for compassionate release and reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(a)(i), is denied.

Dated this 31st day of March, 2021, Topeka, Kansas.

/s Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge